## CIRCUIT COURT OF WISE COUNTY

Walter Lee Cloud

v.

Eastover Mining Company
and Virginia Employment Commission

April 29, 1983

By JUDGE J. ROBERT STUMP

Walter Lee Cloud petitioned this court for a judicial review of an unfavorable decision rendered by the Virginia Employment Commission in his claim for benefits against Eastover Mining Company. The respondents filed a motion to dismiss contending Cloud untimely filed his petition per Virginia Code §§ 60.1-64 and 60.1-67.1. The motion was argued *ore tenus* and briefed extensively.

The sole issue here is: Does the time period for filing a petition for judicial review of the commission's decision begin on "the date of notification or mailing thereof" per Virginia Code § 60.1-64?

The commission's unfavorable decision was dated April 20, 1982, in Richmond, Virginia, and apparently (based on non-specific affidavits filed by the commission's secretaries) mailed the same day to Cloud, who resided in Closplint, Kentucky. Cloud could not have received notice of the decision until April 21, 1982, or thereafter. Cloud's attorney wrote a letter dated May 7, 1982, (a Friday) to the clerk of this court, enclosing the here-involved petition for judicial review, which was marked "received and filed" on May 11, 1982, (a Tuesday).

Per Virginia Code §§ 60.1-64 and 60.1-67.1, Cloud had a total of twenty days in which to file his petition for judicial review from either the date of notification or mailing of the commission's decision.

Cloud contends that the time period begins to run from the date of notification, which was April 21, 1982, or thereafter and his May 11, 1982, filing was timely.

Respondents contend that the time period begins to run from the date of mailing, which was April 20, 1982, and thus the May 11, 1982, filing by Cloud was untimely by one day.

The date of mailing by the commission is uncertain. The decision was dated April 20, 1982, and the commission contends that it was mailed the same day. In support thereof it files three affidavits signed by two of its clerks and one office services supervisor. The affiants do not recall, nor can they positively say that this decision was mailed to Cloud on April 20, 1982, but they describe the general custom in their office, and state that they do not remember deviating from the strict commission rules of mailing decisions.

Undeniably the statutory language in § 60.1-64 is ambiguous, and needs clarification and amendment to insure certainty of meaning, but that gives this court little comfort now for it must construe the vagueness.

The statutory language, "any decision of the commission. . . . shall become final ten days after *the date of notification or mailing thereof. . . .*" does not state *whichever event occurs first*, as respondents argue is its intent. Admittedly the mailing will naturally precede notification. So why did the General Assembly put the word "notification" in the statute, unless they intended the separate disjunctive use thereof.

This court is concerned with the negative proof by the commission of the date of mailing. We assume the decision was mailed on April 20, 1982. Therefore, it is also fair to assume that Cloud's attorney mailed his petition for judicial review to the clerk of this court on May 7, 1982 (over a weekend) well within the prescribed statutory time limits. Are we not creating a double standard and an unjust inequity, if we accept the respondents' position? "What's good for the goose is good for the gander."

Compassion, common sense, consistency, fairness, proper notice and due process dictate in this case that petitioner is entitled to a judicial review and his day in court.

This court finds that Cloud was notified of the commission's decision on or after April 21, 1982, and that pursuant to § 60.1-64, the decision became final ten days after the date of notification and that the petition was filed on May 11, 1982, within ten days of becoming final per § 60.1-67.1.

Therefore, the respondents' motion to dismiss is overruled. Counsel agree that the court cannot make a decision on this record; therefore, this case is remanded to the Virginia Employment Commission for a new hearing and further necessary evidential development.